IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22CV690

| | | |
|---|---|---|
| JERVEY GILFORD HILL, JR., and STEPHANIE LYNN HILL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| BRIANA CICERO-JOHNS, PAYTON COLCLOUGH, SERGE ARBUZOV and ERIC MATESICH, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court upon Defendant Briana Cicero-Jones' Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. The motion is fully briefed and ripe for disposition.

The pro se Plaintiffs filed this case on December 28, 2022, alleging multiple state tort claims relating to an insurance claim for property damage to their home. Plaintiffs' Complaint does not contain any claims created by federal law or turning on a question of federal law. Defendant seeks to dismiss for lack of diversity. There is no dispute that Plaintiffs and Defendant Cicero-Johns are citizens of the same state, North Carolina, and, therefore, this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332.

In response, Plaintiffs move for the Court transfer venue. However, the Court does not have the authority to transfer this case to a state court as requested in Plaintiffs' Motion. *See Bryan v. Nettles*, 416 Fed. Appx. 296, 297 (4th Cir. 2011) ("Further, a federal court lacks

authority to transfer a case over which it lacks jurisdiction to state court.") (citations omitted). Accordingly, the Court is left with no option but to dismiss this case without prejudice so that Plaintiffs may refile it in state court.

IT IS THEREFORE ORDERED that the Defendant's Motion to Dismiss is hereby GRANTED, and this case is dismissed without prejudice.

Signed: April 3, 2023

Graham C. Mullen
United States District Judge